# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDY MAISE | CIVIL ACTION |
| VERSUS | NO. 17-2629 |
| JAMES LEBLANC, et al. | SECTION "G"(3) |

## ORDER

Before the Court are Plaintiff Andy Maise's ("Plaintiff") objections to the Partial Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a state prisoner housed in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn"), filed a complaint pursuant to 42 U.S.C. § 1983 against James LeBlanc ("LeBlanc"), the Secretary of the Louisiana Department of Public Safety and Corrections; Robert Tanner ("Tanner"), the Warden of Rayburn; Sergeant Robert Goings ("Goings"), a correctional officer at Rayburn; and Sergeant Charles Griffith ("Griffith"), a correctional officer at Rayburn (collectively, "Defendants").[2] Defendants filed a motion to dismiss, seeking the dismissal of all claims except the individual-capacity claims against Goings and Griffith.[3] Plaintiff opposed the motion.[4] The Magistrate Judge issued a Partial Report and Recommendation, recommending that the motion to dismiss be granted, Plaintiff's official-capacity claims against all Defendants be dismissed without prejudice, and his individual-capacity claims against LeBlanc and Tanner be dismissed with prejudice.[5] The Magistrate Judge also recommended that Plaintiff's individual-capacity claims against Goings and Griffith be

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1.

[3] Rec. Doc. 9.

[4] Rec. Doc. 13.

[5] Rec. Doc. 14 at 7.

allowed to proceed pending further development.[6] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, dismiss Plaintiff's official-capacity claims against all Defendants without prejudice, and dismiss his individual-capacity claims against LeBlanc and Tanner with prejudice.

## I. Background

### A. *Factual and Procedural Background*[7]

On March 23, 2017, Plaintiff filed a complaint against Defendants.[8] In the complaint, Plaintiff alleges that Goings ignored Plaintiff's continuous complaints of having suicidal thoughts.[9] Plaintiff further alleges that after a failed suicide attempt, Goings struck Plaintiff in the face several times with a closed fist.[10] Plaintiff states that other unidentified officers bent and twisted his legs and ankles with shackles.[11] Plaintiff further alleges that Griffith "dove on [Plaintiff's] back with excessive force" after Plaintiff was in a submissive position.[12] Plaintiff alleges that LeBlanc violated his constitutional rights by ignoring his administrative grievance.[13] Plaintiff also alleges that Tanner failed to (1) train security officers regarding the use of force

---

[6] *Id.* at 8.

[7] The following background derives from Plaintiff's complaint, and the Court will consider his allegations as true for the purpose of considering Plaintiff's objections.

[8] Rec. Doc. 1.

[9] *Id.* at 9.

[10] *Id.* at 10.

[11] *Id.*

[12] *Id.* at 10–11.

[13] *Id.* at 8.

2

against inmates and (2) take appropriate action on Plaintiff's administrative grievance.[14]

On May 26, 2017, Defendants filed a motion to dismiss, seeking dismissal of Plaintiff's claims against all Defendants in their official capacities pursuant to Rule 12(b)(1) and Plaintiff's claims against LeBlanc and Tanner in their individual capacities pursuant to Rule 12(b)(6).[15] Defendants did not move for dismissal of the claims against Goings and Griffith in their individual capacities.[16] Plaintiff opposed the motion to dismiss.[17]

## B. *Report and Recommendation Findings*

On September 1, 2017, the Magistrate Judge issued a Partial Report and Recommendation, recommending that the motion to dismiss be granted, Plaintiff's official-capacity claims against all Defendants be dismissed without prejudice, and his individual-capacity claims against LeBlanc and Tanner be dismissed with prejudice.[18] The Magistrate Judge found that Plaintiff's official-capacity claims against Defendants should be dismissed because Defendants are employees of the Louisiana Department of Public Safety and Corrections, and a claim for monetary damages against a state employee in his official capacity is barred by the Eleventh Amendment.[19] Therefore, the Magistrate Judge recommended that the official-capacity claims against Defendants be dismissed without prejudice pursuant to Rule 12(b)(1).[20]

---

[14] *Id.* at 8–9.

[15] Rec. Doc. 9.

[16] *Id.*

[17] Rec. Doc. 13.

[18] Rec. Doc. 14 at 7.

[19] *Id.* at 2.

[20] *Id.*

The Magistrate Judge recommended that the individual-capacity claims against LeBlanc and Tanner be dismissed with prejudice pursuant to Rule 12(b)(6).[21] Specifically, the Magistrate noted that Plaintiff claimed LeBlanc and Tanner violated Plaintiff's constitutional rights by ignoring his administrative grievance.[22] However, because inmates do not have a constitutional right to an adequate and effective grievance procedure, the Magistrate Judge found that Plaintiff had not stated a claim against LeBlanc and Tanner.[23]

Finally, the Magistrate Judge noted that Plaintiff brought claims against Tanner for failing to train his officers.[24] The Magistrate Judge found no allegation that Tanner had actual or constructive knowledge of a pattern of similar violations.[25] Furthermore, the Magistrate Judge determined that Tanner could not be liable for a single incident, without establishing a pattern of similar violations, because Plaintiff has not alleged any egregious facts concerning the particular subordinate officers involved in this case.[26] Furthermore, the Magistrate Judge found that Plaintiff had not alleged any facts concerning the training protocols present (or absent) at Rayburn, or any facts concerning the level of supervision of the officers.[27] Accordingly, the Magistrate Judge determined that Plaintiff failed to state a cognizable failure-to-protect claim against Tanner.[28]

---

[21] *Id.* at 2.

[22] *Id.* at 3–4.

[23] *Id.* at 3, 7 (citing *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 Fed. App'x 183, 184–85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)).

[24] *Id.* at 4.

[25] *Id.* at 5.

[26] *Id.* at 7.

[27] *Id.*

[28] *Id.*

C.  *Plaintiff's Objections*

On October 11, 2017, Plaintiff filed objections to the Magistrate Judge's recommendation.[29] However, the objections are a verbatim copy of the opposition Plaintiff filed to the motion to dismiss.[30] Specifically, Plaintiff contends that: (1) Goings and Griffith violated his Eighth Amendment rights;[31] (2) he has stated a claim upon which relief can be granted by giving "a factual statement regarding the incident and how each Defendant is to be held responsible;"[32] (3) the Court has subject matter jurisdiction over this case because Plaintiff raises claims regarding a violation of his constitutional rights;[33] and (4) Tanner and LeBlanc have not proven that they are entitled to qualified immunity.[34]

## II.  Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[35] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[29] Rec. Doc. 15.

[30] *Compare* Rec. Doc. 15 and Rec. Doc. 13.

[31] Rec. Doc. 15 at 1.

[32] *Id.* at 2.

[33] *Id.* at 4.

[34] *Id.* at 5.

[35] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

5

to."[36] A district court's review is limited to plain error for parts of the report which are not properly objected to.[37]

### III. Law and Analysis

Plaintiff filed objections to the Magistrate Judge's Partial Report and Recommendation.[38] However, the objections are a verbatim copy of the opposition Plaintiff filed to the motion to dismiss.[39] Federal Rule of Civil Procedure 72(b)(2) requires that an objection be specific.[40] Here, Plaintiff does not raise any specific objection to any portion of Partial Report and Recommendation.[41] Accordingly, the Court reviews the Partial Report and Recommendation for plain error.

The Magistrate Judge found that Plaintiff's official-capacity claims against Defendants should be dismissed because Defendants are employees of the Louisiana Department of Public Safety and Corrections, and a claim for monetary damages against a state employee in his official capacity is barred by the Eleventh Amendment.[42] As the Fifth Circuit has explained, a claim for monetary damages against a state employee in his official capacity is barred by the Eleventh

---

[36] Fed. R. Civ. P. 72(b)(3).

[37] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[38] Rec. Doc. 15.

[39] *Compare* Rec. Doc. 15 and Rec. Doc. 13.

[40] Fed. R. Civ. P. 72(b)(2). *See also Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass*, 79 F.3d at 1415 ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.")

[41] Rec. Doc. 15.

[42] Rec. Doc. 14 at 2.

6

Amendment.[43] Moreover, claims that are barred by the Eleventh Amendment should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).[44] Therefore, reviewing for plain error and finding none, the Court adopts the Magistrate Judge recommendation that the official-capacity claims against Defendants be dismissed without prejudice pursuant to Rule 12(b)(1).

The Magistrate Judge recommended that the individual-capacity claims against LeBlanc and Tanner be dismissed with prejudice pursuant to Rule 12(b)(6).[45] Plaintiff claims that LeBlanc and Tanner violated Plaintiff's constitutional rights by ignoring his administrative grievance. However, as the Fifth Circuit has recognized, inmates do not have a constitutional right to an adequate and effective grievance procedure.[46]

Plaintiff also claims that Tanner should be held liable for failing to train his officers. As the Fifth Circuit has explained, a supervisor may be liable for failure to train if: (1) the supervisor failed to train the subordinate official; (2) a causal link exists between the failure to train and the violation of the plaintiff's rights; and (3) the failure to train amounts to deliberate indifference.[47] "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference, because without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training

---

[43] *Williams v. Thomas*, 169 F. App'x 285, 286 (5th Cir. 2006).

[44] *Id.*

[45] *Id.* at 2.

[46] *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 Fed. App'x 183, 184–85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

[47] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

7

program that will cause violations of constitutional rights."[48] However, a failure to train claim may be based on a single incident if the constitutional violation at issue was the "highly predictable consequence" of a particular failure to train.[49]

In the instant case, Plaintiff does not allege that Tanner had actual or constructive knowledge of a pattern of similar violations. Furthermore, Plaintiff has not alleged any egregious facts concerning the particular subordinate officers involved in this case, any facts concerning the training protocols present (or absent) at the prison, or any facts concerning the level of supervision of the officers. Therefore, Plaintiff has not alleged that the consequence of any particular failure to train was "highly predictable" to hold Tanner responsible for a single incident. Accordingly, reviewing for plain error and finding none, the Court adopts the Magistrate Judge's determination that Plaintiff's individual-capacity claims against Tanner and LeBlanc be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## IV. Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Partial Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Partial Report and Recommendation issued by the Magistrate Judge;

---

[48] *Id.* at 447.

[49] *Davidson v. City of Stafford*, 848 F.3d 384, 397 (5th Cir. 2017).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss[50] is **GRANTED** and that Plaintiff's official-capacity claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** and his individual-capacity claims against James LeBlanc and Robert Tanner are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this  2nd  day of March, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[50] Rec. Doc. 9.